UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MJ-06641-SNOW

UNITED STATES OF AMERICA

vs.

SHANTERIA BARNES,

      **Defendant.**

_____/

**UNITED STATES' UNOPPOSED MOTION
FOR ENTRY OF A PROTECTIVE ORDER REGULATING DISCLOSURE OF VICTIM
INFORMATION AND PERSONAL IDENTIFYING INFORMATION**

      The United States of America, through the undersigned Assistant United States Attorney, hereby files this Unopposed Motion for Entry of a Protective Order Regulating Disclosure of Victim Information and Personal Identifying Information, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of certain information contained in discovery materials disclosed to the defense.

**I.    Introduction and Background**

      On December 11, 2020, by way of a Criminal Complaint, the Defendant was charged with two counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(1) and (b)(2) (DE:1). On December 30, 2020, the standing discovery order was entered (DE:9). The government is prepared to timely respond to the standing discovery order.

      The United States is seeking the entry of the attached order to protect the privacy interests of the victims identified in this case, as well as personal identifying information pertaining to others, including several witnesses (collectively, the "Sensitive Information"). For purposes of this motion, Sensitive Information refers to the victim's, witnesses', or others' names, telephone

numbers, email addresses, mailing addresses, birth certificates, social security numbers, birthdates, driver license numbers, identification cards and their contents, passports and their contents, medical information, and any other personal identifying information.

While the United States has made efforts to redact Sensitive Information contained in the discovery, there are some electronic files that cannot be redacted and include both the victims' information and the information of others. Such discovery includes social media downloads and cell phone downloads (including text messages, contact information, social media information, etc.). Public dissemination or release of such Sensitive Information would cause substantial harm to the privacy and dignity of the victim in this case, as well as others who are uninvolved in this matter but are entitled to privacy protections.

**II.    Legal Standard**

Federal Rule of Criminal Procedure Rule 16(d)(1) provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Additionally, the Crime Victims' Rights Act affords crime victims, regardless of age, the "right to be treated with fairness and with respect for the victim's dignity and privacy." *See* 18 U.S.C. § 3771(a)(8). These rights are so sacrosanct that the statute goes on to say that "the court

shall ensure that the crime victim is afforded the rights described in subsection (a)," which includes the "right to be reasonably protected from the accused," among other things. 18 U.S.C. § 3771(b)(1) (referring back to 18 U.S.C. § 3771 (a)(1)). Attorneys for the government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

Moreover, because this matter involves individual who were minors at the time of the incident, the privacy protections mandated by the Victims of Child Abuse Act, 18 U.S.C. § 3509, also apply. The Victims of Child Abuse Act, which was enacted as part of the Crime Control Act of 1990, addressed a number of procedural problems that arose in cases involving children, including the need to protect their privacy. Pub. L. No. 101-647, Title II, § 225(a), 104 Stat. 4789. In particular, 18 U.S.C. § 3509(d) was enacted to protect the privacy of children involved in criminal proceedings. Section 3509 defines a "child" as "a person who is under the age of 18," who is or is alleged to be either "a victim of a crime of physical abuse, sexual abuse, or exploitation" or a "witness to a crime committed against another person." *See* 18 U.S.C. § 3509(a)(2).

Section 3509(d)(1) requires the parties to a criminal proceeding that involve a child or children, as this case does, to protect the privacy of those children as follows:

(1) Confidentiality of information.—

    (A)    A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall—

        (i)    keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents have access; and

        (ii)    disclose documents described in (i) or the information in them that concerns a child only to persons who by reason of their participation

        in the proceeding, have reason to know such information.

   (B)    Subparagraph (A) applies to—

        (i)    all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

        (ii)    employees of the court;

        (iii)    the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

        (iv)    members of the jury.

(2)    Filing under seal.—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—

   (A)    the complete paper to be kept under seal; and (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

*See* 18 U.S.C. §§ 3509(d)(1) and (d)(2).

A knowing violation of § 3509 and the requirements therein constitutes criminal contempt. *See* 18 U.S.C. § 403 ("A knowing or intentional violation of the privacy protection afforded by § 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both.").

Under Title 18, United States Code, Section 3509(d)(3), courts may issue protective orders "protecting a child from public disclosure of the name or of any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility

4

that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order issued under § 3509(d)(3)(A) may:

>   (i)   provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>
>   (ii)  provide for any other measures that may be necessary to protect the privacy of the child.

*See* 18 U.S.C. § 3509(d)(3)(B).

### III. Conclusion

For the reasons explained, the United States finds it necessary to seek a protective order in this case to protect the privacy rights and interests of the minor victim involved in this case, as well as the personal identifying information of others, including potential witnesses. As such, the United States requests that the Court issue a protective order placing the following restrictions on any discovery that is made available to the defendant in this case, requiring that:

>   (1)   Counsel for the United States and for the defendant, employees of the United States and of defense counsel, and expert witnesses retained by the parties may possess the Sensitive Information. However, they shall not provide the Sensitive Information to any person except as specified in the Court's order or by prior approval of the Court.
>
>   (2)   Counsel for the defendant agrees to maintain and hold the Sensitive Information in the strictest confidence and to disclose it only to the defendant, defense employees, and expert witnesses as necessary to prepare the case. In making such disclosures, counsel for the defendant agrees that he/she shall advise any person to whom this

information is disclosed that such information shall be held in strict confidence and shall not be further disseminated.

(3) Counsel for the defendant shall ensure that the defendant and any third party that obtains access to the material responsive to the standing discovery order is provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the standing discovery order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the standing discovery order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the standing discovery order to assist in the preparation of the case.

(4) Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the defendant shall destroy or cause to be destroyed all copies of the Sensitive Information, except that they may maintain copies in their closed case files following their ordinary procedures.

(5) Counsel for the United States and the defendant shall refer to the victims in this case only by the designation "MINOR VICTIM" in any public filing, at trial, and during any pre-trial and post-trial court proceedings. Should either party need to file something with the Court that would have the effect of identifying the victim, or that discusses any sensitive matters that would impact the victim's dignity or privacy, such filing shall be submitted to the Court under seal; and

(6) Counsel for the government and for the defendant shall promptly report any known

violations of the Court's order to the Court.

The undersigned has conferred with counsel for the defendant and counsel has no objection to entry of the protective order sought.

                                                Respectfully submitted,

                                                ARIANA FAJARDO ORSHAN
                                                UNITED STATES ATTORNEY
By:   /s/ *Brooke Elise Latta*
                                                Brooke Elise Latta
                                                Assistant United States Attorney
                                                Florida Bar No. 105315
                                                U.S. Attorney's Office
                                                500 East Broward Blvd., Suite 700
                                                Fort Lauderdale, Florida
                                                Telephone: (305) 619-7484
                                                Email: brooke.latta@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, on January 13, 2021.

                                                /s/ *Brooke Elise Latta*
                                                BROOKE ELISE LATTA
                                                Assistant United States Attorney